# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILIP LIBBY, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-19-62-SLP |
| JOE M. ALLBAUGH, Director,[1] | ) |
| Respondent. | ) |

# O R D E R

Petitioner, Philip Libby, appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. He challenges the constitutionality of his state court conviction and sentence on nine counts of Child Sexual Abuse in Case No. CF-2015-249, District Court of Oklahoma County, State of Oklahoma.

## I. Background

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell, who conducted an initial review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Magistrate Judge Purcell then issued a Report and Recommendation [Doc. No. 5] recommending that the action be dismissed without

---

[1] Petitioner is in custody at the Lawton Correctional Facility, a private prison located in Lawton, Oklahoma. Pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Cases in the United States District Courts, the proper party respondent in this matter is Joe Allbaugh, Director of the Oklahoma Department of Corrections. Therefore, Joe Allbaugh is substituted in place of the State of Oklahoma as the party respondent. The Clerk of Court shall note the substitution on the record.

prejudice for failure to exhaust state court remedies "unless Petitioner chooses to either dismiss the unexhausted claim and proceed with the exhausted claims or agrees to stay this Petition and hold the matter in abeyance while returning to state court to raise his unexhausted claim." R&R at 9.

Petitioner "objected" to the Report and Recommendation [Doc. No. 6] and states that he "agree[s] to stay the Petition and hold the matter in abeyance while he returns to state court to exhaust his unexhausted claims." *Id*. at 1.

## II.    Discussion

Petitioner raises three grounds for habeas relief: (1) Ground One – ineffective assistance of trial counsel; (2) Ground Two – insufficiency of the evidence to support his convictions as to Counts 1-3, 5, 15 and 16-19; and (3) Ground Three – violation of his double jeopardy rights as to Counts 3, 5, 15 and 16. As found by Magistrate Judge Purcell, Petitioner raised Grounds Two and Three on direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). *See* R&R at 2-3. But Petitioner did not raise the ineffective assistance of trial counsel claim stated in Ground One on direct appeal and he has not raised the claim in any state post-conviction proceeding. *See* R&R at 3; *see also* Pet. at 13, ¶ 13.

As Magistrate Judge Purcell found, Petitioner has filed an impermissible "mixed petition," i.e., a petition that contains both exhausted and unexhausted claims. *See* R&R at 8 (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). When faced with a mixed petition, a district court "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Wood v.*

2

*McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016) (internal quotation marks and citation omitted). "The court may also permit the petitioner to delete the unexhausted claim from his petition and proceed only on the exhausted claims, or, *if the equities favor such an approach*, it may stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims." *Id*. (internal quotation marks and citation omitted, emphasis added). The latter approach – a stay and abeyance – is available only in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 276-78 (2005). The petitioner must first demonstrate "good cause" for his failure to exhaust his claim in state court and that his unexhausted claim is not "plainly meritless." *Id*. at 278. *See also Fairchild v. Workman*, 579 F.3d 1134, 1153 (10th Cir. 2009) (recognizing that in *Rhines* the Court identified three prerequisites to granting a stay: (1) good cause for failure to exhaust; (2) a potentially meritorious claim; and (3) lack of dilatory tactics by the petitioner).

Whether to grant a stay is a matter of the Court's discretion, not a matter of right of the habeas petitioner. In the Report and Recommendation, however, Petitioner was advised that he could "agree" to stay the action. *See* R&R at 9. Thus, the three prerequisites to granting a stay were left unaddressed. Although Petitioner alleges he did not raise the ineffective assistance of trial counsel claim on direct appeal due to the ineffectiveness of his appellate counsel, he offers no reason why he did not seek state post-conviction relief as to this claim prior to filing his federal habeas petition. Moreover, as Magistrate Judge Purcell noted, the one-year limitations period governing Petitioner's federal habeas petition

has not expired. *See* R&R at 9. n. 5 (citing 28 U.S.C. § 2244(d)(1)(A)).[2] This fact weighs against granting a stay.

III. **Order to Show Cause**

Although the present record does not support granting a stay, Petitioner has not been given the opportunity to address the matter. Under these circumstances, Petitioner is directed to show cause why the Petition should not be dismissed as a mixed petition. If Petitioner seeks a stay, he must demonstrate "good cause" exists to warrant a stay, as explained above. Alternatively, Petitioner may still choose to: (1) either dismiss the entire Petition – both exhausted and unexhausted claims or (2) dismiss his unexhausted claim and proceed only with the exhausted claims.[3]

IV. **Conclusion**

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation to the extent it finds the Petition is a mixed petition containing both exhausted and unexhausted claims. The Court, however, DECLINES to ADOPT the

---

[2] Petitioner's conviction became final on June 20, 2018, or 90 days after the OCCA affirmed Petitioner's conviction and sentence on direct appeal on March 22, 2018, when the period for seeking certiorari review in the United States Supreme Court had lapsed. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001). In the absence of statutory or equitable tolling, Petitioner's one-year limitations period will expire on June 21, 2019. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). If Petitioner properly files an application for post-conviction relief to exhaust his unexhausted claim, he may be entitled to statutory tolling of the limitations period, which could further extend his time for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2).

[3] Petitioner is advised that if he chooses the latter course and omits his unexhausted ineffective assistance of trial counsel claim, he may be barred from asserting that claim in any subsequent federal habeas petition pursuant to the 28 U.S.C. § 2244(b), which governs second or successive habeas petitions.

Report and Recommendation to the extent it recommends granting Petitioner the right to stay the action, absent Petitioner making the requisite showing in support of such a stay.

IT IS FURTHER ORDERED that Petitioner must show cause within twenty-one days of the date of this Order, or by March 19, 2019, why the action should be stayed and held in abeyance. At this time, the Court reserves its discretionary ruling as to whether a stay is proper, pending Petitioner's response to the Court's show cause order.

Alternatively, within twenty-one days of the date of this Order, or by March 19, 2019, if Petitioner wishes to proceed only with his exhausted claims, i.e., those claims that were presented to the OCCA on direct appeal, he may file an amended petition raising only his exhausted claims and deleting his unexhausted claim. If Petitioner fails to respond to the Court's show cause order or, alternatively, file an amended Petition, the Court will enter an order dismissing the Petition in its entirety, without prejudice, for failure to exhaust administrative remedies.

IT IS SO ORDERED this 26th day of February, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE